IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,

        Plaintiff,                    No. CIV S-10-2972 MCE CKD P

    vs.

SERGEANT SCHROEDER, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. This action is proceeding on the amended complaint filed May 16, 2011. (Dkt. No. 8, Ex. 1.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.
6              A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
9  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
10 cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
11 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted
12 as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129
13 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has
14 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
15 reasonable inference that the defendant is liable for the misconduct alleged."  Id.
16             In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
20             Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
21 See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set
22 a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of
23 the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8
24 requires only "sufficient allegations to put defendants fairly on notice of the claims against
25 them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of
26 the cause of action are present, but are scattered throughout the complaint and are not organized

into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff has submitted a 66-page complaint, not including exhibits, that purports to allege sixteen claims against numerous defendants. The claims, as listed, cover a wide range of alleged violations of constitutional and/or statutory law, including commission of a hate crime, denial of insulin shots, mail fraud, conspiracy, violation of the right to due process, and retaliation. (Dkt. No. 8, Ex. 1 at 5-7.) Many of these claims appear to be unrelated to one another, and it is unduly burdensome to determine which, if any, state a cognizable claim pursuant to section 1983. This complaint illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry, 84 F.3d at 1179-80.

A major flaw of the complaint is that it attempts to bring numerous unrelated claims in a single action. Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

Plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 30 days of service of this order. In an amended complaint, plaintiff should not raise many unrelated claims, but rather focus on a few specific claims and describe the actions of the individual defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

1  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
2  there is some affirmative link or connection between a defendant's actions and the claimed
3  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
4  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
5  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
6  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

   In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that the amended complaint (Dkt. No. 8, Ex. 1) is dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty days from the date of service of this order.  Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

Dated: October 11, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
davi2972.B