IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,

      Plaintiff,                      No. CIV S-10-2972 MCE CKD P

    vs.

SCHROEDER, et al.,

      Defendants.        <u>ORDER</u>

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed his original complaint on November 4, 2010, seeking relief under 42 U.S.C. § 1983. On May 16, 2011, he filed an Amended Complaint, which was dismissed on October 11, 2011 with leave to amend. (Dkt. Nos. 8, Exhibit 1; 13.) On November 4, 2011, plaintiff filed a Second Amended Complaint (SAC). (Dkt. No. 14, Exhibit 1.)

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against

1 them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of
2 the cause of action are present, but are scattered throughout the complaint and are not organized
3 into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is
4 proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

5       Here, the SAC does not cure the defects of the Amended Complaint, as described
6 in the court's October 11, 2011 order. In brief, it does not contain a "short and plain" statement
7 of the claim as required by Rule 8 of the Federal Rules of Civil Procedure. Instead, plaintiff has
8 submitted another lengthy (over 70 pages) pleading in which he makes numerous, unrelated
9 allegations (including retaliation, medical indifference, denial of exercise, and mail fraud) against
10 various defendants. Accordingly, plaintiff's complaint will be dismissed and he will be granted
11 one final chance to file an amended complaint that states a cognizable claim and meets the
12 requirements of Rule 8 pleading. This Third Amended Complaint will be limited to 20 pages.

13       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
14 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
15 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
16 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
17 there is some affirmative link or connection between a defendant's actions and the claimed
18 deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
19 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,
20 vague and conclusory allegations of official participation in civil rights violations are not
21 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
23 order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
24 complaint be complete in itself without reference to any prior pleading. This is because, as a
25 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
26 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

1  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3        In accordance with the above, IT IS HEREBY ORDERED that the Second
4  Amended Complaint (Dkt. No. 14, Exhibit 1) is dismissed for the reasons discussed above, with
5  leave to file a Third Amended Complaint <u>not longer than 20 pages</u> within thirty days from the
6  date of service of this order.  Failure to file an amended complaint will result in a
7  recommendation that the action be dismissed.

Dated: April 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
davi2972.SAC