IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. DAVIS,

      Plaintiff,                       No. CIV S-10-2972 MCE CKD P

      vs.

SCHROEDER, et al.,

      Defendants.               <u>ORDER</u>

_____/

      On May 14, 2012 petitioner filed a motion for the disqualification of Magistrate Judge Delaney.  (Dkt. No. 18.)

      Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  <u>See</u> <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008).  Under 28 U.S.C. § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1).

1   The substantive standard under these statutes "is whether a reasonable person with
2   knowledge of all the facts would conclude that the judge's impartiality might reasonably be
3   questioned." Pesnell, 543 F.3d at 1043.  Generally, "a judge's partiality must be shown to be
4   based on information from extrajudicial sources, although sometimes, albeit rarely,
5   predispositions developed during the course of a trial will suffice." F.J. Hanshaw Enters., Inc. v.
6   Emerald River Dev., Inc., 244 F.3d 1128, 1144–45 (9th Cir. 2001) (internal quotations and
7   citations omitted); Pesnell, 543 F.3d at 1043.  Thus, judicial rulings alone – apart from
8   surrounding comments or accompanying opinions – almost never constitute valid grounds for
9   disqualification.  See Liteky v. United States, 510 U.S. 540, 556 (1994).

10  Here, plaintiff's motion fails to meet the threshold for disqualification.  Plaintiff
11  makes conclusory statements that the undersigned is biased against him due to his race, ethnicity,
12  and "disability as a HIV positive disabled person."  He asserts that the undersigned acquired this
13  prejudice "from scan[n]ing the defendants filing in case[.]"  (Dkt. No. 18 at 11.)  However, no
14  defendants have been served in this case, as plaintiff has yet to submit a complaint that complies
15  with the pleading requirements of the Federal Rules of Civil Procedure.  The only documents the
16  court has reviewed in this action have been submitted by plaintiff himself, and the court has cited
17  its legal grounds for dismissing the amended complaint and Second Amended Complaint with
18  leave to amend.  (Dkt. Nos. 13, 16.)  Plaintiff's unsubstantiated belief that the court is prejudiced
19  against him is not a reasonable basis for questioning the impartiality of this court.

20  Accordingly, IT IS HEREBY ORDERED that petitioner's April 5, 2012 motion
21  for disqualification (Dkt. No. 18) is denied.

Dated: May 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
davi2972.disqualify